### BARTON, et al. *versus* F. & E. PECK.

In a proceeding against a sheriff and his sureties, under the act of 1825, for failing to pay over money, it is requisite to allege in the notice, by special averment, that the money had been demanded, and by whom that demand was made.

But a verdict will cure the defect, *if the record shew proof of the fact.*

Such proceedings are not limited to the period during which a sheriff holds his office, but may be instituted after that period has elapsed.

Damages at the rate of five per cent. per month, in such cases, are allowed, from the time the demand is proved to have been made, until its collection.

In error from Marengo Circuit Court.

This case originated from a notice, served on Barton, late sheriff of Marengo county, and his sureties, that a motion would be submitted to the Circuit Court of said county, on a day therein named, for judgment and award of execution for a certain sum of money collected by the said sheriff in a case wherein said Pecks were plaintiffs, and one John Craig defendant. And also, for five per cent. per month, damages, from the time the said money was demanded. The notice contained no special averment of a demand, nor by whom made, but the proof of these facts was ample. On the matters being left to the determination of the Court, and on the objection that the notice was insufficient, the Court gave judgment for the plaintiffs below, together with five per cent per month, from the time of the demand. On this judgment Barton took error to this Court.

*Lyon,* for Plaintiff—*Stewart, contra.*

TATLOR, J.—This is a summary proceeding under the act of 1825, against Benjamin Barton, late sheriff

of Marengo county, and his securities, for failing to pay over to the plaintiffs a sum of money which he had collected by an execution in their favor.

Three points are made by the defendants in error.

1st. That the notice is defective.

2d. That a proceeding of this kind is not authorised against one who has been a sheriff, but whose term of office has expired before it is commenced.

3d. That the damages at the rate of five per cent. per month, allowed by the statute, could only be a-warded to the time at which the suit commenced.

The defects alleged in the notice, are two, viz :— there is no special averment that a demand had been made of the money alleged to have been collected by said Barton ; nor is it stated by whom the said Barton was requested to pay the same.

The statute provides, in substance, that when any sheriff has collected any money upon execution, and shall, upon demand made thereof, fail to pay the same to the person entitled thereto, the person entitled to receive the same, shall, upon giving one day's notice to such sheriff, recover against him and his securi-ties, on motion before any Court having jurisdiction thereof, the sum of money so collected, with five per cent. per month thereon from the time the same shall have been demanded.

To recover the damages of five per cent. per month, there is no doubt it is. material to prove a special de-mand, and the time at which that demand was made ; and wherever a demand or notice is material to be proved, it should be averred in the declaration ; it should also be averred by whom this demand was made.

In 1st *Chitty's Pleadings*, 323, '4, it is said, " when an actual request is essential to the support of the

action, a special request must be stated, and it must be shown by and to whom the same was made, and the time and place of making it, in order that the Court may judge whether the request were sufficient." There can be no doubt about the correctness of this position. In a case like the present, it is as important a fact as any which is to be proved, and that a demurrer to a notice omitting it, would be sustained, there is no doubt But it is insisted that this defect is cured by the verdict, or by the statute of *jeofails* of 1824. *Chitty* in the page last cited, proceeds to say: "it should seem that a verdict would, at common law, aid the defect:" and the act of 1824 declares, that no case shall be reversed or arrested for any defect in the proceedings, unless the objection was made in the Court below, provided the record show a good cause of action. Is this then one of those defects, which would be aided by verdict at common law, or by the statute

Although the demand in this case entitles the plaintiff to a much greater recovery than he could have without it; yet the damages can only be viewed as incidental to the debt. It is not because the money is demanded, but because the sheriff has failed to discharge his duty in paying it over, that he becomes liable to the damages. There should be much strictness required in proceedings of this kind, especially where the penalties are so great, and I at first inclined to the opinion, that, as without the demand there could be no recovery of the five per cent. it might be considered as the cause of action for this part of the judgment, and that the failure to aver, it was fatal on error. But upon reflection, I do not perceive that the averment is more requisite here than in other

cases in which it is essential to the proof. In none, can a recovery be had without it: it secures the right of action in the plaintiff, and fixes the liability of the defendant. In cases conducted in the usual manner, it will after verdict, be presumed to have been proved; and in a summary case, like the present, if the record shows that the proof was made, it will supply the omission in the notice. This record shows that fact.

The next objection to the judgment is, that such a proceedings can only be had against *sheriffs*, and were never intended to be extended to those who had ceased to be such, by the term for which they held their offices having expired, or in any other way.

No authority has been produced on this point, nor an attempt made to sustain it by analogous principles of law. Nor can I perceive any reason for confining the operation of the statute to sheriffs in office. Frequently, after the term expires, a person who has filled this office, collects large sums of money; in fact, he continues a sheriff, vested with all the power and authority of one so far as relates to the unfinished business of his office. If he can not be reached for monies which he collected during the continuance of his term of office, he can not be for that which he collects afterwards. There could be certainly no reason for making a distinction of this kind; but the greatest evils would result from a rule of decision like the one contended for, and it would render the law almost inoperative. It is after a sheriff has gone out of office, particularly in this State, that his delinquencies are generally discovered. He only holds his office for a short term, is not eligible, at the next election, and can manage to conceal the majority of his defalcations, for the short time he is in office, and the

BARTON, et al. *vs.* F. & E. ELLIS.

most of them often take place towards the close of his time. The policy of the statute would be entirely defeated by the decision for which the counsel of the plaintiff in error contends.

The third objection, that damages at the rate of five per cent. per month, could only be recovered up to the time of bringing the suit, is believed to be equally untenable. The statute awards five per cent. per month damages to the plaintiff "from the time of the demand." If it had been intended that these damages should cease when the suit was brought, it would have been almost useless to give them. The suit is generally instituted very soon after the demand is made, and the inducement to pay the money really due, to prevent his incurring the damages, would be slight indeed, if he foresaw that he would probably pay them for a few days, and might possibly protract the suit for years before a recovery could be had against him. It is said, if they are incurred, another suit must be brought to recover them ; but no case is recollected in which a right is withheld from a plaintiff, and his recovery of damages is limited to those which had occurred at the commencement of the suit. There certainly can be no good reason given for their ceasing when the action is instituted, nor, if they continue to accrue, can any be perceived for their not being investigated and decided on without a second suit. The law abhors multiplicity of actions, and to decide for the plaintiff in error on this point, would be a wide departure from that policy.

We do not perceive any thing in the assignment of errors to authorise a reversal ; and therefore, the judgment is affirmed.

SAFFOLD, J. not sitting.